UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONIDAS R. FIELDS, | : | 4:22-CV-00454 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| U.S. DISTRICT COURT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**
June 2, 2022

## I. Introduction.

The plaintiff, Leonidas R. Fields ("Fields"), filed a complaint discussing alleged theft of money and a printing press. After screening the complaint, we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Fields leave to file an amended complaint.

## II. Background.

Fields commenced this action pro se on March 28, 2022, by filing a complaint. *Doc. 1.* Additionally, Fields filed an application to proceed *in forma pauperis*, which we granted. *Doc. 12.* In his complaint, Fields alleges that a printing press was taken under siege from the Nation of Islam and used to print three different newspapers. *Doc. 1-1* at 1-2. Additionally, Fields alleges that other

property was taken such as "trucks, ships, businesses, [and] homes." *Doc. 1-1* at 2. Fields requests the return of the stolen property and monetary damages to be paid to the proper members of the Nation of Islam. *Doc. 1-1* at 2-3.

Fields further alleges that there were "millions of dollars" taken from Guaranty Bank, which seemingly belonged to the Nation of Islam.[1] *Doc. 1, Supp. 2* at 2.  Although he is unsure who took this money, he requests an investigation of Guaranty Bank in Chicago, Illinois. *Id.*  And Fields requests that if the money is located, it should be returned to the Nation of Islam and its members. *Id.*

The caption of the complaint lists the United States District Court and the United States of America as defendants, but the involvement of each of these parties is unclear.  Neither of these parties appear anywhere within the complaint.

As relief, Fields requests for an investigation to be conducted and that, if found, all moneys be returned to the Nation of Islam.

For the reasons discussed below, we conclude that the complaint fails to state a claim upon which relief can be granted.  We will, however, grant Fields leave to amend his complaint.

---

[1] It is unclear from the complaint to whom this money belonged.

**III. Screening of *In Forma Pauperis* Complaints—Standard of Review.**

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true,

3

construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and

4

construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

    **A.  The complaint fails to state a claim upon which relief can be granted.**

Fields' complaint is not clear.  It does not comply with the pleading requirements of Fed. R. Civ. P. 8.[2]

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94).  "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*.  Thus, "[c]ourts are

---

[2] The complaint does not use numbered paragraphs as required by Fed. R. Civ. P. 10(b).  And although doing so would promote clarity, each claim is not stated in a separate count as required by Fed. R. Civ. P. 10(b).

more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing Fields' complaint, we nevertheless conclude that the complaint fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(d)(1). Fields' complaint does not contain a short and plain statement of the court's jurisdiction. Moreover, his complaint does not contain a short and plain statement of his claims. Rather than containing simple, concise, and direct allegations, the complaint provides only confusing, unclear allegations. Additionally, it is unclear exactly what Fields' claims are and what events gave rise to his claims. Fields fails to identify under which statute or constitutional provision he is proceeding. *Doc. 1* at 1. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Here, the complaint does not provide fair notice of what Fields' claims are. In fact, it is extremely unclear how either of the named defendants are involved in this suit or what relief he is seeking against

either defendant. Accordingly, the complaint fails to state a claim upon which relief can be granted.

### B. Leave to Amend.

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, we will grant Fields an opportunity to correct the deficiencies noted above. Thus, the court will grant Fields leave to file an amended complaint.

Should he elect to file an amended complaint, Fields should be aware that generally, the United States is protected by sovereign immunity, meaning that the United States is protected from suit. Fields should also be aware that he must clearly identify precisely what his claims are against each defendant, and he must identify facts which give rise to these claims.

**V. Order.**

Based on the foregoing, **IT IS ORDERED** that Fields is **GRANTED** leave to file an amended complaint within 28 days of the date of this order.[3]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[3] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). Fields "is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Any amended complaint must also comply with Fed. R. Civ. P. 20.